UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DANZELLE DARNELL OWENS,**
**TDCJ-CID NO. 02462436,**

Petitioner,

v. **No. 4:26-cv-0673-P**

**DIRECTOR, TDCJ-CID,**

Respondent.

**OPINION AND ORDER**

Came on for consideration the petition of Danzelle Darnell Owens under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**BACKGROUND**

Petitioner is serving concurrent terms of imprisonment totaling forty years imposed July 19, 2023, following his convictions for aggravated assault with a deadly weapon, deadly conduct with a firearm, and unlawful possession of a firearm by a felon under Cause No. 1754219 in the Criminal District Court No. 2, Tarrant County, Texas. ECF No. 14-72 at 7–16. The judgment was affirmed on appeal. *Owens v. State*, No. 02-23-00201-CR, 2025 WL 1478095 (Tex. App.—Fort Worth May 22, 2025, pet. ref'd). On July 30, 2025, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.*; ECF No. 14-59.

Petitioner filed a state application for writ of habeas corpus. ECF No. 14-72 at 17. On January 22, 2026, the CCA denied the petition without written order on the findings of the trial court and on the Court's own independent review. ECF No. 14-73.

## GROUNDS OF THE PETITION

Petitioner timely filed his federal habeas petition. ECF No. 1. He raises two grounds.[1] First, he was denied his constitutional right to self-representation. *Id.* at 5.[2] Second, the trial court erred in denying a directed verdict because the evidence fails to support the conviction. *Id.* at 7. His memorandum in support addresses only the first ground. ECF No. 2.

## STANDARDS OF REVIEW

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

---

[1] Respondent interprets each ground to have two parts and thus responds as if four grounds had been asserted. ECF No. 13.

[2] The page number references to the petition are to "Page __ of 17" reflected at the top right portion of the document on the Court's electronic filing system.

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

**ANALYSIS**

In his first ground, Petitioner alleges that he was denied his constitutional right to self-representation when the trial court failed to conduct a hearing on his waiver of attorney motion and requests to proceed *pro se*. ECF No. 1 at 5. In his sole ground on appeal, Petitioner argued that the trial court denied him his constitutional right to self-representation. *Owens*, 2025 WL 1478095. The appellate court thoroughly considered the facts of the case in light of applicable authorities and concluded that Petitioner's Sixth Amendment right had not been violated. In particular, although Petitioner had made numerous filings before he was reindicted[3] expressing dissatisfaction with his counsel, Pia Lederman, he did not make any such filings after he was reindicted and appointed new counsel in the place of Lederman. *Id.* at *3. He never objected to the new attorney and did not invoke his right to self-representation at any time during the trial. *Id.* Thus, the court concluded that Petitioner had abandoned his earlier requests.[4] *Id.* at *4. Petitioner has not shown that the appellate court's ruling was unreasonable or incorrect.

As Ground One of his state habeas petition Petitioner alleged that the "trial court erred when it failed to hold proper inquiry" into Petitioner's wish to proceed *pro se*. ECF No. 14-72 at 22. Under the

[3] Petitioner was originally indicted under Cause Nos. 1628885 and 1628887; however, he was reindicted under Cause No. 1754219, which is the case that went to trial. ECF No. 14-72 at 5–6. The record reflects that Petitioner made numerous filings under the original cause numbers but none after his reindictment. ECF No. 14-13.

[4] The case is wholly unlike *Moore v. Haviland*, 531 F.3d 393 (6th Cir. 2008), upon which Petitioner relies, where the defendant engaged in extensive colloquy with the court during trial, even delivering a letter requesting that he be allowed to proceed *pro se*. ECF No. 2 at 8. The transcripts for the dates Petitioner references in his petition, ECF No. 2 at 6, do not reflect that Petitioner ever asserted his right to self-representation or complained about his counsel in any respect. ECF Nos. 14-6, 14-7, 14-8, 14-9.

"Facts Supporting Ground One" section, Petitioner broadened his complaint to be that the trial court erred in failing to advise him about the perils of proceeding *pro se*. *Id.* The state habeas court determined that this ground was procedurally barred as Petitioner had not raised it on direct appeal. ECF No. 14-72 at 45–46 (findings 6–10), 50 (conclusions 9–12). Texas courts routinely apply that procedural bar. *See Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996); *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991). The Fifth Circuit has recognized that this rule is an independent and adequate state law ground barring federal habeas review. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005).

In his second state habeas ground, Petitioner urged that the trial court erred by deferring its rulings on his requests for self-representation. ECF No. 14-72 at 24–25. The state habeas court found that Petitioner had raised this ground on appeal and had not shown that he was entitled to pursue it on habeas. *Id.* at 46 (findings 11–16), 49–50 (conclusions 5–8). Again, Petitioner has not shown that he is entitled to proceed here on this claim.

In his second ground, Petitioner alleges that the trial court erred in denying him a directed verdict because the victim failed to identify him in open court. In support, he alleges that the video footage does not show him with a weapon; nor is there a flash showing Petitioner shot the victim. Further, there was no ballistic test. ECF No. 1 at 7. He alleges that he was unable to present this ground on direct appeal because the Tarrant County Jail had a policy restricting inmates from TDCJ from bringing paper materials into the facility. He alleges that he did raise the issue in his state habeas application. *Id.*

As Respondent notes, this ground is unexhausted and procedurally barred. ECF No. 13 at 12–15. Petitioner admits that he did not raise it on direct appeal as he should have done. His conclusory allegation that he could not bring his legal materials into the Tarrant County Jail is insufficient to entitle him to relief. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983). He could have raised this ground and sought relief from the appellate court to allow him access to the records necessary to provide evidentiary support. Being able to file documents while confined in the Tarrant County Jail was not a problem for Petitioner. *See, e.g.*, ECF No. 14-13 at 45–64, 72–113, 153–69, 178–219 (documents filed by Petitioner *pro se*).

Petitioner alleges that he did raise the ground in his state habeas application but that is not true. ECF No. 14-72 at 22–28 (grounds for relief). Even if it had been raised, it would not have been considered. *See id.* at 50 (noting well-settled state law that a writ of habeas corpus should not be used to litigate matters that should have been raised on appeal and refusing to consider a ground on that basis). And, the second ground would not be considered in a subsequent state habeas petition as it would be barred by the abuse of the writ doctrine. TEX. CODE CRIM. P. 11.07, § 4(a). *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008); *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998). Thus, this ground is procedurally barred here. *Coleman*, 501 U.S. at 735 n.1; *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

## CONCLUSION

For the reasons discussed herein, all relief sought by Petitioner is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **22nd day** of **October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE